CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2014

JULIA C. DUDLEY, CLERK
BY: _____
/DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| DIANNA ROBERTS GOEPPER, | ) | |
| | ) | Civil Action No. 3:14CV00020 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | By:    Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social

Security denying plaintiff's claim for a period of disability and disability insurance benefits under

the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is

pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument

submitted by the parties, the issues now before the court are whether the Commissioner's final

decision is supported by substantial evidence, or whether there is "good cause" as to necessitate

remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Dianna Roberts Goepper, was born on March 21, 1976. Mrs. Goepper attended

college and received a bachelor of science degree in nursing. Thereafter, she worked as a nurse

educator. She last worked on a regular and sustained basis in September of 2010. On March 11,

2011, Mrs. Goepper filed an application for a period of disability and disability insurance benefits.

She alleged that she became disabled for all forms of substantial gainful employment on September

17, 2010, due to fibromyalgia; chronic fatigue syndrome; depression; heart palpitations; orthostatic

hypotension; weakness; memory loss; post-traumatic stress disorder; irritable bowel syndrome; and

insomnia. Plaintiff now maintains that she has remained disabled to the present time. The record

reveals that Mrs. Goepper met the insured status requirements of the Act at all relevant times covered

by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Goepper's application was denied upon initial consideration and reconsideration. She

then requested and received a de novo hearing and review before an Administrative Law Judge. In

an opinion dated February 28, 2013, the Law Judge also determined that plaintiff is not disabled.

The Law Judge found that Mrs. Goepper suffers from fibromyalgia; chronic pain syndrome, chronic

fatigue; cardiac arrhythmia; irritable bowel syndrome; orthostatic hypotension; mood disorder;

depression; and anxiety disorder. Because of these problems, the Law Judge ruled that Mrs. Goepper

is disabled for her past relevant work activity. However, the Law Judge held that plaintiff retains

sufficient residual functional capacity for light work. The Law Judge assessed Mrs. Goepper's

residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work [footnote omitted]
> as defined in 20 C.F.R. 404.1567(b) except that the claimant can occasionally climb
> ladders, ropes, scaffolds, stairs, and ramps; occasionally stoop, kneel, crouch, and
> crawl; frequently balance; and should avoid exposure to hazards such as unprotected
> heights and hazardous machinery. Despite the claimant's mental limitations, she is
> capable of performing simple, routine, repetitive tasks.

(TR 23). Given such a residual functional capacity, and after considering plaintiff's age, education,

and prior work experience, as well as testimony from a vocational expert, the Law Judge found that

Mrs. Goepper retains sufficient functional capacity to perform several specific light and sedentary

work roles existing in significant number in the national economy. Accordingly, the Law Judge

2

ultimately concluded that Mrs. Goepper is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See generally, 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Goepper has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As reflected above, the Administrative Law Judge found that Mrs. Goepper suffers from a combination of physical and emotional impairments which render her disabled for her past relevant work as a nurse educator. In such circumstances, the burden of going forward with the evidence shifts to the Commissioner to establish the availability of alternate work roles, which the claimant could be expected to perform. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983); Taylor v. Weinberger, 512 F.2d 664, 666 (4th

3

Cir. 1975). See also, 20 C.F.R. § 404.1560(c)(2). In order to discharge this burden, the

Commissioner often relies on testimony from a vocational expert. Grant, 699 F.2d at 192. As noted

above, in the instant case, the Administrative Law Judge relied on testimony from a vocational

expert in determining that Mrs. Goepper could be expected to perform alternate, light work roles

existing in the national economy. At the time of the administrative hearing on February 21, 2013,

the Law Judge posed the following hypothetical question to the vocational expert:

> In the first hypothetical I'd ask that you assume an individual of the Claimant's age,
> education and work experience limited to work at the light exertional level as that's
> defined in the regulations with only occasional climbing which would include ramps,
> stairs, ladders, ropes, scaffolds, limited to frequent balancing, limited to occasional
> stooping, kneeling, crouching and crawling, limited to simple routine and repetitive
> tasks.

(TR 53-54). In response, the vocational expert testified that, while the plaintiff could not perform

past relevant work, she could be expected to perform certain light and sedentary work roles which

exist in significant number in the national economy. (TR 54-55).

The difficulty in this case is that the hypothetical question put to the vocational expert did

not include all the limitations ultimately found to exist by the Administrative Law Judge in his

opinion. The Administrative Law Judge gave "little weight" to a consultative psychological report

in which Mrs. Goepper was said to experience serious emotional symptoms. (TR 31). Instead, the

Law Judge credited the report from a nonexamining state agency psychologist who found that

plaintiff experiences "moderate limitations in concentration, persistence, and pace." (TR 30). The

Law Judge explicitly found that plaintiff experiences moderate limitations, though the Law Judge

4

did not include such work-related manifestations in his assessment of plaintiff's residual functional capacity. (TR 23, 30). Thus, while the vocational expert proposed alternate work roles such as office helper, office messenger, retail marker, information clerk, and order clerk, the vocational expert was not asked to consider the degree to which such work roles require sustained concentration, regular production output, and attendance to task.

In <u>Walker v. Bowen</u>, 889 F.2d 47, 50 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit commented as follows:

> The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. (citations omitted).

In the instant case, the court is simply unable to conclude that the assessment offered by the vocational expert, which was adopted by the Administrative Law Judge, was based on all the work-related limitations which the Law Judge ultimately found to exist. Stated differently, while Mrs. Goepper was ultimately found to be capable of unskilled, office and retail marketing jobs, which often require close attendance to task and satisfaction of daily quotas, the vocational expert was not asked to consider the interplay of moderate limitations in concentration, persistence, and pace. In such circumstances, the court believes that the Law Judge did not properly identify alternate work roles which take into account plaintiff's particular combination of physical and emotional

5

impairments. Thus, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration.

In his opinion, the Law Judge did not explain his decision not to include his finding of moderate limitation in concentration, persistence, and pace in his assessment of plaintiff's residual functional capacity. However, in other cases, the Commissioner sometimes argues that such moderate limitations are subsumed under the finding that a claimant is capable of performing only simple, routine, repetitive tasks. However, the court is unable to accept this proposition. A limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace. See Sexton v. Colvin, — F.Supp.2d —, 2014 WL 2090647, at *3, 4 (W.D.Va. May 19, 2014). As noted by the United States Court of Appeals for the Tenth Circuit in Wiederholt v. Barnhart, 121 F. App'x 833, 839 (10th Cir. 2005):

> The relatively broad, unspecified nature of the description "simple" and "unskilled" does not adequately incorporate the ALJ's additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the resulting hypothetical question was flawed. Moreover, there is no evidence to suggest that the VE heard testimony or other evidence allowing her to make an individualized assessment that incorporated the ALJ's specific additional findings about Mrs. Wiederholt's mental impairments. (citations omitted).

See also Millhouse v. Astrue, 2009 WL 763740, at *3 (M.D. Fla.) (stating that "moderate limitations in social functioning and concentration, persistence, or pace constitute greater restrictions than a limitation to unskilled work"); Chavanu v. Astrue, 2012 WL 4336205, at *9 (M.D. Fla.) ( noting that "[s]everal circuits have found that restricting [a] VE's inquiry to simple, routine, or repetitive tasks,

6

or unskilled work does not accounts [sic] for a plaintiff's moderate deficiencies in concentration, persistence, or pace," and citing to these cases). Indeed, as noted above, it seems that problems with concentration and pace would be especially critical in terms of performance of routine and repetitive tasks. Stated succinctly, the court concludes that the hypothetical question posed by the Administrative Law Judge, excluding plaintiff's moderate limitations in concentration, persistence, or pace, is not consistent with the evidence of record. The court will remand this case for appropriate proceedings.

On appeal to this court, plaintiff maintains that the final decision of the Commissioner should be reversed, based on several deficiencies in the Administrative Law Judge's opinion. Without going into any great detail, the court notes that Mrs. Goepper is correct in asserting that the Law Judge accorded little weight to the findings and opinions of several treating physicians. As noted above, the Law Judge also accorded little weight to the findings of a consultative psychologist who saw Mrs. Goepper at the behest of the state disability agency. As a separate argument, plaintiff urges that the Law Judge failed to properly credit her testimony regarding the severity and functional impact of her symptoms. However, the court believes that the Administrative Law Judge reasonably determined that many of the assessments and reports from the treating medical sources were based on plaintiff's subjective symptomatology, and were not related to specific clinical findings. Likewise, the court agrees that much of plaintiff's testimony suggests symptoms out of proportion to the objective findings included in the medical record. In this context, the court believes that the Law Judge properly considered input from the state agency physicians who were unable to document

7

clinical findings consistent with disabling physical and emotional problems. Given the fact that plaintiff's fibromyalgia syndrome, and related emotional problems, are a prominent feature in this case, and that the interaction of her physical and emotional symptoms is complex, the court believes that the fact finder might benefit from testimony of a medical advisor at a supplemental administrative hearing. However, based on the existing record, the court is unable to conclude that Mrs. Goepper has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration and development. If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing, at which both sides will be allowed to present additional evidence and argument. As noted above, the court believes that input from a medical advisor would be especially helpful in this case. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This ___19th___ day of November, 2014.

_____
Chief United States District Judge

8